O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL BURDICK, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, Commissioner of Social Security, <br><br> Defendant. | Case No. CV 09-07134-OP <br><br> MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the four disputed issues listed in the Joint Stipulation ("JS").[2]

///

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before United States Magistrate Judge Oswald Parada in the instant action. (See Dkt. Nos. 6, 7.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR") and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# I.
# DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff is raising as the grounds for reversal and/or remand are as follows:

(1) Whether the Administrative Law Judge ("ALJ") properly evaluated the medical evidence;

(2) Whether the ALJ properly considered Plaintiff's credibility;

(3) Whether the ALJ properly considered lay testimony; and

(4) Whether the ALJ should have elicited additional testimony from the vocational expert ("VE").

(JS at 3.)

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.

## **DISCUSSION**

### A. **The ALJ Failed to Properly Consider the Opinions of the Treating Physician.**

The record contains treatment notes from Geeta Patwa, M.D., dating from September 2003 until March 2007. (AR at 510-77.) Dr. Patwa treated Plaintiff for a variety of conditions, including bilateral swelling in her lower extremities accompanied by tingling, burning, and pain. In an attempt to diagnose and treat the swelling, Dr. Patwa ordered many tests and referred Plaintiff to a variety of specialists, but the doctors were unable to make an affirmative diagnosis.[3] (Id. at 336-37, 551, 616-19, 622-24, 651.) During this time, Dr. Patwa prescribed and refilled pain medication. (Id. at 560.) A gap in Dr. Patwa's treatment of Plaintiff is apparent between March 2006 and February 2007. (Id. at 518, 525.) Dr. Patwa later explained that this was due to a lapse in Plaintiff's insurance coverage. (Id. at 650; see also id. at 500.) On March 22, 2007, Dr. Patwa completed a Physician Questionnaire for Social Security Disability Claim on behalf of Plaintiff. (Id. at 650-55.) Dr. Patwa concluded that Plaintiff can stand for a total of three hours in an eight-hour day, sit for three to four hours, and walk for two hours. (Id. at 653.) Dr. Patwa estimated that Plaintiff could lift fifteen pounds frequently and twenty pounds occasionally. (Id.) Dr. Patwa further concluded that due to leg pain, Plaintiff must rest for twenty minutes out of every sixty to ninety minutes. (Id.)

At Plaintiff's hearing before the ALJ, VE Rheta King testified that if an individual had to rest, meaning cease activity, for fifteen or twenty minutes out of every hour and a half of work, the individual would not be able to perform

---

[3] Although Plaintiff's condition is referred to throughout the record as lymphodema, objective testing ruled out this diagnosis. (Id. at 302, 555.)

any of Plaintiff's past relevant work. (Id. at 712.) The VE did not testify as to whether there was any alternative work that the individual could perform in light of those limitations.

In his decision, the ALJ offered the following discussion concerning Dr. Patwa's findings:

> In making this determination, I also considered the assessment of Geeta Patwa, M.D., another treating medical source. Like Dr. Reiss she opines that the claimant requires substantial rest periods every hour, or so, which would effectively render her unable to perform even sedentary work. I do not, however, find her assessments to be reliable. To begin, her treatment of the claimant has not been consistent with what one would expect for someone with truly debilitating symptoms. As Dr. Patwa admits, she did not treat the claimant for almost a year prior to the date she prepared her report. While she claims that this is because of the claimant losing her insurance coverage, it did not stop her from resuming treatment in late February, 2007, and ordering numerous diagnostic tests. A near year gap in medical care and treatment simply is not consistent with her extreme assessment. Moreover, her records revealed that her treatment of the claimant has been spotty and inconsistent over the last 2 1/2 years, not every 2 to 3 months, as she claims. Specifically, since August 2004, the record indicates that she has treated the claimant a total of seven times. Further, while she claims that the claimant needs significant rest periods every hour, or so, because of pain in her lower extremities, she prescribes no pain or other related medications. In fact, her treatment records indicate that she told the claimant to take only Tylenol. Conversely, when the claimant injured her right wrist and elbow, in March 2006, she readily prescribed a

narcotic for this transitory complaint. Further, the only medications she has prescribed for the claimant, recently, are for hypertension and migraine headaches. While she claims that the claimant's lower extremity swelling precludes her from significant physical activity, the bottom line is she has not recently prescribed/recommended any treatment, whatsoever, for this condition. I would expect that if Dr. Patwa truly believed that the claimant's symptoms, particularly with respect to her lower extremity edema, impose significant, if not debilitating, limitations on her ability to function, she would make a concerted effort to direct the claimant to treatment modalities which might prove effective in reducing her symptoms. She has not. When this is considered in addition to the fact that the state agency evaluating consultant, the state agency examining consultant and Dr. Alpern, do not remotely support Dr. Patwa's assessment, I must conclude that her assessment also lacks basic indicia of reliability.

(Id. at 118 (citations omitted).)

It is well established in the Ninth Circuit that a treating physician's opinion is entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. §§ 404.1527(d), 416.927(d). Where the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d

1391, 1396 (9th Cir. 1991).  If the treating physician's opinion is controverted, as appears to be the case here, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record.  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  Thomas, 278 F.3d at 957 (internal citation and quotation marks omitted).

     First, the ALJ's conclusion that Dr. Patwa's treatment of Plaintiff was not consistent is unsupported by the medical record.  Dr. Patwa treated Plaintiff routinely from August 2003 to March 2006, which coincides with the onset of her leg swelling.  (AR at 510-77, 589-92.)  Not only did Dr. Patwa personally treat Plaintiff on a regular basis, amounting to office visits every one to four months, but she also referred Plaintiff for numerous tests and consultations with specialists during this time.  (Id. at 300-03, 307-08, 328, 330, 332-35, 336-37, 338-41, 349, 551, 552-56, 615-19, 622-24, 651.)

     As the ALJ noted, Dr. Patwa did not treat Plaintiff between March 29, 2006 and February 28, 2007, due to a lapse in Plaintiff's insurance coverage, which is referenced in the record.  (Id. at 499, 519, 650.)  The Plaintiff's lack of insurance and inability to pay for medical treatment certainly does not reflect on the reliability of Dr. Patwa's medical findings.  Also, the ALJ's assertion that Dr. Patwa's subsequent treatment of Plaintiff undermines the claim that Plaintiff was temporarily uninsured is wholly unfounded.  The record reflects that Plaintiff temporarily lost insurance but that as of February 2007 she had retained new coverage.  (Id. at 519.)  Significantly, Plaintiff immediately returned to Dr. Patwa for further treatment upon regaining insurance coverage. (Id. at 518.)

Ultimately, the treatment records from Dr. Patwa establish a significant, ongoing treating relationship. Over the course of three and a half years of treatment, Dr. Patwa certainly became familiar enough with Plaintiff's condition to render a reliable opinion as to her level of impairment.

The ALJ also found fault with Dr. Patwa's findings because she concluded that Plaintiff needed significant rest breaks due to pain in her legs, but that Dr. Patwa never prescribed pain medication. (Id. at 118.) First, this assertion is not supported by the record. The record indicates that Plaintiff was prescribed pain medication during the time Dr. Patwa treated her, and that Dr. Patwa personally prescribed these medications on at least some occasions. (Id. at 371, 401, 413, 416, 560.) In addition, it is clear from Dr. Patwa's assessment that her indication of "pain" in Plaintiff's legs referred, at least in part, to "tingling." (Id. at 652.) There is no indication that narcotic pain medication would have remedied this symptom. Also, the record reflects that on at least two occasions, Plaintiff's liver enzymes were elevated and that on one occasion, after Plaintiff had been prescribed Vicodin for a wrist injury, Dr. Patwa recommended that Plaintiff reduce her intake of the medication due to its suspected effect on her liver. (Id. at 525, 539.) This may have been reason enough for Dr. Patwa not to recommend a long-term regime of narcotic pain medication to treat Plaintiff's symptoms. Ultimately, the ALJ cannot substitute his own opinion for that of the physician by determining that Dr. Patwa did not treat the Plaintiff in compliance with the ALJ's opinion as to what treatment should have been offered. See Tackett v. Apfel, 180 F.3d 1094, 1102-03 (9th Cir. 1999) (finding it inappropriate for an ALJ to substitute his own medical judgment for that of a treating physician); see also Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975) (noting that hearing examiner was not a qualified medical expert). Although the ALJ may discredit a physician's findings of significant impairment in light of evidence that the physician recommended

only conservative treatment, as discussed below, Dr. Patwa's treatment of Plaintiff was not so conservative as the ALJ suggests.

Next, the ALJ cites Dr. Patwa's failure to prescribe or recommend any recent treatment for Plaintiff's condition as another reason to find the doctor's opinions unreliable. (Id. at 118.) However, a fair reading of the record conclusively shows that Dr. Patwa went to great lengths to diagnose and treat Plaintiff's condition. Dr. Patwa examined and treated Plaintiff herself on a routine and on-going basis. (Id. at 510-77, 589-92.) In addition, Dr. Patwa ordered numerous laboratory tests (id. at 516-17, 522-24, 536, 538, 552, 558-59, 568-69, 651), and referred Plaintiff to multiple specialists who also attempted to diagnose and treat Plaintiff's condition (id. at 300-03, 307-08, 328, 330, 332-35, 336-37, 338-41, 349, 551, 552-56, 615-19, 622-24, 651). Unfortunately, no physician was ever able to conclusively diagnose Plaintiff's condition. In addition, it appears that none of the treatments offered to Plaintiff resulted in significant benefit. Dr. Patwa's medical opinion is no less reliable because she failed to prescribe or recommend treatment for a condition that could not be diagnosed, especially when numerous treatments had been tried with little success.

Finally, the ALJ found Dr. Patwa's opinion less reliable because it was not supported by conclusions of the agency physicians. The opinion of a nontreating source can amount to substantial evidence if based on independent clinical findings, as was the case with the agency consultative examining physician. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); see also Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). However, in crediting the agency physicians's opinions over that of the treating physician, the ALJ did not "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Thomas, 278 F.3d at 957 (citation and quotation omitted). Rather, the ALJ

merely stated that the conflict between Dr. Patwa's opinion and that of the agency physicians rendered Dr. Patwa's opinion unreliable. Such "[b]road and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister, 888 F.2d at 602.

The ALJ's failure to provide legally sufficient reasons for discounting Dr. Patwa's opinion regarding Plaintiff's condition warrants remand. See Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988) (in disregarding the findings of a treating physician, the ALJ must "provide detailed, reasoned and legitimate rationales" and must relate any "objective factors" he identifies to "the specific medical opinions and findings he rejects"); see, e.g., Nelson v. Barnhart, No. C 00-2986 MMC, 2003 WL 297738, at *4 (N.D. Cal. Feb. 4, 2003) ("Where an ALJ fails to 'give sufficiently specific reasons for rejecting the conclusion of [a physician],' it is proper to remand the matter for 'proper consideration of the physicians' evidence.'") (citation omitted). Accordingly, remand is required for the ALJ to set forth legally sufficient reasons for rejecting Dr. Patwa's March 2007 opinion, if the ALJ again determines rejection is warranted.[4]

Plaintiff also claims that the ALJ erred in considering the medical evidence by failing to credit the limitations stated in a 1998 worker's compensation permanent and stationary report by Plaintiff's orthopedic surgeon, H. Rahman. In light of the Court's conclusion that remand is appropriate to properly consider Dr. Patwa's opinion concerning Plaintiff's physical condition, the ALJ is instructed on remand to also reconsider the severity of Plaintiff's impairment in light of all the medical evidence.

**B.     The ALJ Properly Considered the Plaintiff's Credibility.**

---

[4] The Court expresses no view on the merits.

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

To determine whether a claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider, among other things, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Smolen, 80 F.3d at 1284. Social Security Ruling

("SSR") 96-7p further provides that an individual may be less credible for failing to follow prescribed treatment without cause.  SSR 96-7p.

Here, the ALJ noted that although Plaintiff complained of debilitating diarrhea, she did not take medication to ease her symptoms.  (AR at 117.)  This finding is supported by substantial evidence.  Plaintiff explained that she had tried taking Immodium to relieve her symptoms, but that it only provided temporary relief and ultimately made her symptoms worse.  However, Plaintiff offered no justification for failing to take prescription medication for her diarrhea.  Such medication was prescribed at least once and recommended on at least one other occasion.  (AR at 519, 621.)  Plaintiff's medical noncompliance in this regard was a sufficient reason for rejecting Plaintiff's credibility. Thomas, 278 F.3d at 958-59; Smolen, 80 F.3d at 1284; SSR 96-7p.

Based on the foregoing, the Court finds the ALJ's credibility finding was supported by substantial evidence and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony.  Thus, there was no error.[5]

### C.     The ALJ Failed to Properly Consider the Lay Witness Testimony.

---

[5] As this reason supplied a sufficient basis on which the ALJ could reject Plaintiff's credibility, the Court does not decide the validity of the other reasons stated by the ALJ for concluding that Plaintiff was less than credible. However, the Court is mindful "that a disabled claimant cannot be denied benefits for failing to obtain medical treatment that would ameliorate [her] condition if [she] cannot afford that treatment." Gamble v. Chater, 68 F.3d 319, 321 (9th Cir. 1995).  Here, the record reflects that Plaintiff's insurance would not cover the expense of recommended compression stockings.  (AR at 100-05, 340.)  Although the record does not explicitly reveal whether Plaintiff was able to afford the stockings at her own expense, it is apparent that Plaintiff made significant efforts to establish insurance coverage for the recommended treatment.  (Id. at 100-05.)

Randall Burdick, Plaintiff's husband, testified that Plaintiff suffers from both swelling in her legs and uncontrolled diarrhea. (AR at 695.) Mr. Burdick testified that the swelling in Plaintiff's legs "won't go down" and causes significant pain. (Id. at 695.) Mr. Burdick explained that walking exacerbates Plaintiff's pain, and she tries to alleviate the pain by elevating her legs and staying off of her feet. (Id. at 695.) Finally, Mr. Burdick testified that Plaintiff's diarrhea causes her to have to use the restroom frequently, often at unexpected times. (Id. at 696.)

The ALJ rejected Mr. Burdick's testimony as follows:

> However, Mr. Burdick did not address the reasons surrounding the claimant's failure to wear pressure stockings, as recommended, or her refusal to take prescription diarrhea medication. Considering that there is substantial evidence, that with medical compliance, the claimant's symptoms would improve, I must conclude that his testimony does little to further the merit of the claimant's application.

(Id. at 120.)

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [his] ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn hearing testimony of witnesses (see Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)), as well as to unsworn statements and letters of friends and relatives. See Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 975 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen,

100 F.3d at 1467. The ALJ must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

An error in the consideration of lay witness testimony can be harmless if "a reviewing court . . . can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006); see also Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006).

The ALJ's reason for rejecting Mr. Burdick's testimony, while sufficient, at least in part, for finding Plaintiff not credible, is not germane to Mr. Burdick's testimony. The fact that Plaintiff might have been noncompliant with medical recommendations in no way reflects on Mr. Burdick's truthfulness when testifying to the observations he made of Plaintiff's symptoms. Neither is Mr. Burdick's testimony more suspect in light of his failure to give an explanation for Plaintiff's noncompliance. Even if Mr. Burdick could provide insight into another individual's personal failure to comply with medical treatment, he was not asked to do so at the hearing and was not invited to provide additional comments at his own discretion. Accordingly, the ALJ failed to give reasons germane to Mr. Burdick for rejecting this lay witness testimony.

Moreover, the Court cannot conclude that the error was harmless. While Mr. Burdick's testimony regarding Plaintiff's complaints of diarrhea might not have led to a different result in light of the possibility that medication could have improved her symptoms, Mr. Burdick also testified to the symptoms of Plaintiff's leg impairments. Mr. Burdick's testimony in this regard was consistent with the findings of Dr. Patwa that were improperly disregarded by the ALJ. In addition, as discussed in footnote five, supra, Plaintiff's insurance refused to cover the cost of compression stockings, and the failure of Plaintiff to

obtain the stockings at her own expense, if she could not afford to do so, was not a sufficient basis for rejecting Plaintiff's credibility, let alone that of Mr. Burdick.  Were the ALJ to credit the findings of Dr. Patwa and the testimony of Mr. Burdick regarding Plaintiff's leg swelling and its related symptoms, it might result in a different outcome.

The ALJ's failure to provide legally sufficient reasons for discounting Mr. Burdick's testimony regarding Plaintiff's condition warrants remand.  See Bruce v. Astrue, 557 F.3d 1113, (9th Cir. 2009) (remanding where ALJ failed to give sufficient reasons for rejecting testimony of plaintiff's wife).  Accordingly, remand is required for the ALJ to set forth legally sufficient reasons for rejecting Mr. Burdick's testimony, if the ALJ again determines rejection is warranted.

**D.     Whether Additional Expert Testimony Was Required.**

In her final claim, Plaintiff argues that the VE should have been pressed for additional testimony regarding Plaintiff's ability to perform work in light of her symptoms of diarrhea.  (JS at 36-40.)  As discussed above, the ALJ properly rejected Plaintiff's subjective complaints regarding her symptoms of diarrhea due to her noncompliance with recommended anti-diarrhea medication.  However, on remand the ALJ and Plaintiff will have another opportunity to seek vocational expert testimony, as warranted by the evidence.

**E.     This Case Should Be Remanded for Further Administrative Proceedings.**

The law is well established that remand for further proceedings is appropriate where additional proceedings could remedy defects in the Commissioner's decision.  Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).  Remand for payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed,

Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, the Court concludes that this is an instance where further administrative proceedings would serve a useful purpose and remedy administrative defects.

## IV.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

DATED: August 4, 2010

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge